MURPHY v. MITCHELL.

(District Court, N. D. New York. March 18, 1918.)

PLEADING ⬅8(15)—FRAUD—GENERAL ALLEGATION.

General allegations of fraudulent representations and of threats and promises are insufficient, unless accompanied by a statement of the representations, threats, and promises, or at least the substance thereof.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Mary A. Murphy against John Clark Mitchell. On motion to strike allegations from amended complaint. Granted in part.

See also (D. C.) 245 Fed. 219; 246 Fed. 732.

Return of order to show cause why certain allegations or statements should not be stricken from the plaintiff's amended complaint. ·This motion comes up after the service of a new or amended complaint, subsequent to the order of this court giving permission to file same, and which order also provided that the complaint be made more definite and certain in certain particulars, or that certain allegations be stricken therefrom.

Rushmore, Bisbee & Stern, of New York City, for the motion.
Edgar T. Brackett, of Saratoga Springs, N. Y., opposed.

RAY, District Judge. Since this motion was made the plaintiff has filed her affidavit, in which she states that the complaint has been made as definite and certain in regard to false and fraudulent representations and threats and promises as is possible under all the circumstances. General allegations of fraudulent representations and of threats and promises are insufficient, unless accompanied by a statement of the representations, threats, and promises, or at least the substance thereof. The defendant is entitled to a reasonable amount of information when such charges are made. This has been pointed out heretofore in this case. If the plaintiff has no information whatever upon which to base the charge, it ought not to be made. If the plaintiff has some information, and sufficient information to justify the charge, then the substance of the misrepresentations, threats, promises, etc., should be stated.

I think this motion, in part, must be granted. The allegation in the fifth paragraph that Sullivan "was peculiarly under the influence and control of the defendant, who wrongfully exercised such influence and control for his own benefit," is a general allegation, but a conclusion merely, and I think there should be a statement as to what acts, if any, were done by defendant, constituting a wrongful exercise of his influence and control over said testator, Dennis Sullivan.

The allegation in the sixth subdivision, "that in carrying out said conspiracy he improperly and unduly influenced the said Dennis Sullivan," and also, "and wrongfully and by improper and undue influence, and by deception and misrepresentations, and by threats and promises, induced said Dennis Sullivan," etc., is also a general allegation, but a mere conclusion.

Does the complaint later set out, so far as possible, the required details? In paragraph 8, we find the following: That Sullivan was "thus" induced to sign said paper "by the false and fraudulent statements of the defendant and those confederated with him as aforesaid, and acting for him, and by undue influence practiced upon him"; that among other of which false representations made by the defendant and his confederates to said Dennis Sullivan are the following, to wit:

"That the estate of said Dennis Sullivan was hardly sufficient to pay the pecuniary legacies and establish the trusts which he desired to provide for

his grandchildren, as set forth in his said will of 1913; that in order to insure his sisters' receiving anything under his will he should give them pecuniary legacies of only $10,000 each, as there would be no residue under his will after paying said pecuniary legacies and establishing said trusts (and many other like fraudulent representations), the detail or substance of which it is impossible for the plaintiff to state, as the same are not known to the plaintiff."

These must be regarded as the false and fraudulent representations referred to in the complaint as having been made to induce and procure the testator to make the alleged new will. But no threats or promises are stated, and no act done to influence the decedent, except the making of the statements quoted as set forth.

There is no general description of the nature or character of the threats or promises made, if any were made, or of the acts done, if any acts were done. In these regards the defendant is given no information whatever. If the plaintiff has any information on the subject, the substance of that information should be set forth; that is, at least the general nature and character of the threats and promises made should be stated. But, if the plaintiff has no information, then there is no justification in law for the allegation that threats and promises were made, and that acts were done to improperly or wrongfully influence the testator.

The allegation that Sullivan was peculiarly under the influence of the defendant and others associated with him can stand, and if the influence was wrongfully and improperly exercised by the speaking of words, the making of false or untrue representations, those stated, it is proper to so allege; but there is nothing in the amended complaint to indicate this.

As to the statement in subdivision 5, folio 9, "who wrongfully exercised such influence and control for his own benefit," the addition of the words "by making to him the false and untrue statements hereinafter set forth" would make this a proper allegation; but it would be unjust to the defendant to leave the door open for all manner of evidence on the trial, which the defendant would be in no condition to meet, not having been apprised thereof.

I think the motion to strike or expunge from the amended complaint certain allegations should be granted, as follows:

1. In paragraph or subdivision 5, folio 9, strike out "who wrongfully exercised such influence and control for his own benefit."

2. In subdivision or paragraph 6, folio 12, strike out the words "and by improper and undue influence," and also the words "and by threats and promises," so it will read, in lines 3, 4, and 5 of said folio, as follows:

"And wrongfully and by deception and misrepresentations induced said Dennis Sullivan," etc.

3. In the same paragraph, folio 14, strike out from lines 4 and 5 the words "and such undue influence exercised upon."

4. In subdivision or paragraph 8, lines 5 and 6 thereof, strike out "and by undue influence."

As to the allegation or statement in the paragraph numbered "8," reading, "and many other like fraudulent representations, the details

or substance of which it is impossible for the plaintiff to state, as the same are not now known to the plaintiff," I am of the opinion it cannot properly be stricken out. The word "like" is, of course, more or less indefinite; but certain representations are set out immediately preceding this statement, and on the trial the court would, of course, confine the proof to similar and like statements of the same character and on the same subject. It would hardly be just to rule out similar and like statements on the same subject, made prior to the execution of, and as an inducement to the making of, the alleged will, if made at about the same time.

5. From paragraph 16, strike out the words "undue influence and."

6. From paragraph 19, strike out the words "and undue influence."

It may be that I have overlooked some expression that should be stricken out, coming within my ruling. If so, the omission can be corrected on a settlement of the order to be entered pursuant hereto.

If the parties cannot agree on the order, it may be settled on five days' notice.